Bonner ROBINETTE; Shirley
Robinette, Plaintiffs–
Appellants,

v.

Bobbie FENDER, in his individual and
professional capacities; Amber Fend-
er, in her individual and professional
capacities; Steve Schmidt, in his indi-
vidual and professional capacities;
Charles Hamby, in his individual and
professional capacities; Sean Smith,
in his individual and professional ca-
pacities, Defendants–Appellees.

No. 15–1113.

United States Court of Appeals,
Tenth Circuit.

Dec. 2, 2015.

Bonner Robinette, Bayfield, CO, pro se.

Shirley Robinette, Bayfield, CO, pro se.

Jonathan A. Cross, Esq. Sean J. Lane,
Esq., Cross Liechty Lane PC, Greenwood
Village, CO, for Defendants–Appellees.

Before LUCERO, GORSUCH, and
McHUGH, Circuit Judges.

ORDER AND JUDGMENT*

NEIL M. GORSUCH, Circuit Judge.

Bonner and Shirley Robinette have
feuded with their neighbors in Bayfield,
Colorado, for years about where their
property ends and the neighbors' begins.
The current litigation began when several
off-duty county sheriff's office employ-
ees—two of whom were daughter and son-
in-law to the neighbors—removed the Ro-
binettes' old jeep and other items from the
disputed land without permission. The
Robinettes filed suit, alleging various con-
stitutional and state law violations. After
much back and forth in the district court,
the case boiled down to two claims: one
against the four off-duty deputies who re-
moved (or took possession of) the personal
property, and the other against a fifth
deputy who sent an email about the dis-
pute after investigating ownership of the
contested land. In the end, the district
court granted summary judgment in favor
of the deputies and dismissed the case—
and it is this decision the Robinettes now
ask us to reverse.

Before getting to the merits, the depu-
ties say we must dismiss this appeal be-
cause the Robinettes' notice of appeal was
untimely. And it's true the Robinettes
filed their notice of appeal one week after
the relevant deadline. But the Robinettes
did—before the deadline—file a motion for
an extension of time to file a notice of
appeal. And because that motion was the
"functional equivalent" of a notice of ap-
peal, we may lawfully reach the appeal's
merits. *See Smith v. Barry,* 502 U.S. 244,
248–49, 112 S.Ct. 678, 116 L.Ed.2d 678
(1992); *United States v. Smith,* 182 F.3d
733, 735–36 (10th Cir.1999).

Even so, we don't see how we might
reverse. While we must afford the Robi-
nettes' pro se pleadings a liberal construc-
tion, we may not serve as their attorney or
advance "arguments and search[–] the rec-
ord" for them. *Garrett v. Selby Connor
Maddux & Janer,* 425 F.3d 836, 840 (10th

Cir.2005). Yet even on the most liberal of constructions, the Robinettes' briefing in this appeal does not present "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R.App. P. 28(a)(8)(A). Instead, their opening brief contains only conclusory allegations, a few statutory references, and a handful of case citations with no analysis. Citing Rule 28, we have routinely "declined to consider arguments that are not raised, or are inadequately presented" in cases like this, *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir.2007), and we find ourselves forced to do so again here. Neither would the result change were we forced to come up with arguments for the Robinettes, for our independent scrutiny of the record has turned up nothing calling into question the propriety of the district court's disposition.

Affirmed.

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R.App. P. 32.1; 10th Cir. R. 32.1.